UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                  :

THAYERMAHAN INC.,                   :

                  Petitioner,   :          26 Civ. 3702 (LGS)

        -against-           :

                                  :          **OPINION & ORDER**

ATLANTIC OCEANIC LLC,        :

                Respondent.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Petitioner ThayerMahan Inc. seeks confirmation of two final arbitration awards issued in a consolidated arbitration proceeding on January 27, 2026 (the "Awards"). Petitioner also filed an emergency motion seeking entry of default judgment against Respondent Atlantic Oceanic LLC and dissolution of the thirty-day automatic stay imposed by Rule 62(a)[1] (the "Emergency Motion"). Respondent participated in the underlying arbitration but did not appear in this action and did not oppose either the Petition to Confirm and Enforce Final Arbitration Awards (the "Petition") or the Emergency Motion. For the following reasons, the Petition is granted. The Emergency Motion is granted in part in that the Rule 62(a) stay is dissolved.

## I.    BACKGROUND

The following facts are taken from Petitioner's submissions in connection with the Petition and the Emergency Motion.

The underlying disputes arose from two charterparties between Petitioner and Respondent concerning two multi-purpose supply vessels owned by Respondent, the MPSV ATLANTIC BREEZE ("BREEZE") and the MPSV ATLANTIC SPIRIT ("SPIRIT"). In February 2024, the parties entered into a ninety-day time charter for the BREEZE, which

---

[1] Unless otherwise indicated, all references to "Rules" are to the Federal Rules of Civil Procedure.

required Respondent to deliver the vessel to Port Fourchon, Louisiana.  In March 2024, the parties entered into a four-year time charter for the SPIRIT, which required Respondent to deliver the vessel to Barry Beach, Australia.  Both charterparties contain arbitration clauses requiring disputes to be arbitrated in New York in accordance with the Arbitration Rules of the Society of Maritime Arbitrators and providing that judgment on any resulting award could be entered by a court of competent jurisdiction.

On September 23, 2024, Respondent commenced separate arbitration proceedings against Petitioner concerning the BREEZE and SPIRIT charterparties, seeking damages for alleged non-payment under the agreements.  The parties subsequently agreed to consolidate the proceedings. Petitioner asserted counterclaims alleging that Respondent had materially breached both charterparties by failing to satisfy certain requirements relating to the vessels' suitability for offshore operations.

On January 27, 2026, the arbitration panel issued the Awards.  With respect to the BREEZE, the panel found that Respondent was in material and repudiatory breach of the charterparty and awarded Petitioner $3,221,764.80, which includes damages, interest and attorneys' fees (the "BREEZE Award").  With respect to the SPIRIT, the panel found that Respondent had materially breached and wrongfully terminated the charterparty and awarded Petitioner $857,556.51, which includes damages, interest and attorneys' fees (the "SPIRIT Award").  The Awards state that if they are not fully paid within thirty days, interest will accrue on any unpaid balance at a rate of 3.53% per annum from the date of the award until payment is received by Petitioner.

After Respondent failed to pay either award, Petitioner commenced this action on May 5, 2026, seeking confirmation of the Awards.  On June 4, 2026, Petitioner filed the Emergency

Motion, arguing that (1) default judgment against Respondent is warranted because Respondent has not appeared or filed anything in this action and (2) dissolution of the Rule 62(a) stay is warranted because Respondent is dissipating assets to evade creditors' collection efforts.  In support of the second point, the Emergency Motion points to a recent decision by the United States District Court for the Western District of Louisiana in a similar proceeding involving the confirmation of an arbitration award against Respondent.  There, the court dissolved the Rule 62(a) stay after finding that the petitioner had submitted sufficient evidence of "a risk of diminution of assets which would impact [the petitioner]'s ability to collect its judgment." *Fleetzero Inc. v. M/V Atl. Power*, No. 25 Civ. 1686, 2026 WL 1300544, at *2 (W.D. La. May 12, 2026).

## II.    STANDARD

Under the Federal Arbitration Act ("FAA"), a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  "An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties."[2] *Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023).  "[O]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," and "[t]he award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *Id.* at 378-79.

A district court should treat an unanswered petition to confirm or vacate an arbitration award as an "unopposed motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

F.3d 95, 110 (2d Cir. 2006); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. JJD Matthew Constr. Inc.*, No. 25 Civ. 10740, 2026 WL 1179654, at *2 (S.D.N.Y. Apr. 30, 2026). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.    DISCUSSION

### A.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over the Petition and Emergency Motion. Admiralty jurisdiction exists under 28 U.S.C. § 1333 because the action arises from disputes under charterparties, which are maritime contracts that give rise to admiralty jurisdiction. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 632 (2d Cir. 2016) (federal district courts have admiralty jurisdiction over claims arising from maritime contracts); *Fednav v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) ("It is well-established that a charter party agreement is a maritime contract."); *Spring Marine DMCC v. Gen. Oil Co.*, No. 24 Civ. 7744, 2025 WL 1089450, at *1 (S.D.N.Y. Mar. 18, 2025) (charterparty was "a maritime contract within this Court's admiralty jurisdiction under 28 U.S.C. § 1333"). Diversity jurisdiction also exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, Petitioner is a citizen of Connecticut and Delaware and the record indicates that Respondent is a citizen of Massachusetts and the United Kingdom.

### B.    Confirmation of the Final Awards

The Petition seeks confirmation of the BREEZE Award under Chapter 1 of the FAA, which governs domestic arbitration awards. The Petition seeks confirmation of the SPIRIT Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards or,

alternatively, Chapter 1 of the FAA.  Because the arbitration took place in New York and both Awards were rendered in New York, confirmation of the Awards is analyzed under Chapter 1 of the FAA.  *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007) (where arbitration took place in United States, arbitration awards were "subject to the FAA provisions governing domestic arbitration awards"); *UiPath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, 2024 WL 2853620, at *2 (S.D.N.Y. June 4, 2024) (same).

The Petition is granted because no genuine issues of material fact exist in this case.  The parties entered into the charterparties, both of which contain arbitration clauses stating, "Any dispute arising out of or in connection with this Charter Party shall be referred to three (3) persons at New York . . . . The decision of the arbitrators or any two of them shall be final, and for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction."  Respondent commenced the arbitration proceedings, both parties participated in the arbitration and the arbitration panel issued the Awards in favor of Petitioner.  Respondent has not opposed the Petition or the Emergency Motion and has not otherwise moved to "vacate[], modif[y], or correct[]" the awards under 9 U.S.C §§ 10-11.  *See* 9 U.S.C. § 9.

The arbitration panel's determinations are supported by more than "a barely colorable justification."  *Smarter Tools*, 57 F.4th at 378.  The panel found that Respondent breached the BREEZE charterparty by, among other things, installing project equipment on the vessel without the requisite regulatory approval and failing to remedy extensive corrosion of the steel plating on the vessel's main deck.  The panel also found that Respondent breached the SPIRIT charterparty by, among other things, delivering the vessel without functioning equipment.  Based on these findings, the panel awarded Petitioner damages, interest and reasonable attorneys' fees and costs in connection with both charterparties.  In calculating the amount of the Awards, the panel

analyzed the charterparties' terms and invoices submitted by Petitioner.  Nothing in the record suggests any basis for vacatur, modification or correction of either award.  Accordingly, the Awards are confirmed.

### C.    Emergency Relief

The Emergency Motion additionally seeks (1) entry of default judgment against Respondent and (2) dissolution of the Rule 62(a) stay.  The request for entry of default judgment against Respondent is denied because "default judgments in [arbitration award] confirmation/vacatur proceedings are generally inappropriate," *D.H. Blair*, 462 F.3d at 109, and this Opinion & Order confirms the Awards and directs entry of judgment in favor of Petitioner.

The request to dissolve the Rule 62(a) stay is granted.  Under Rule 62(a), a prevailing party must ordinarily wait thirty days before enforcing a judgment, "unless the court orders otherwise."  The Rule contemplates situations in which immediate enforcement is necessary to protect the prevailing party's interests -- including when there is a "risk that the judgment debtor's assets will be dissipated."  Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment.  "Whether to dissolve a Rule 62(a) stay is a matter of the court's discretion." *Loans on Fine Art LLC v. Peck*, No 23 Civ. 4143, 2024 WL 4839177, at *1 (S.D.N.Y. Nov. 20, 2024).

Here, dissolution of the Rule 62(a) stay is warranted because the record reflects a well-founded risk that Respondent will conceal or dissipate assets that otherwise may be available to satisfy the judgment.  Petitioner has submitted evidence suggesting that Respondent is attempting to place assets beyond the reach of creditors, including by (1) selling the BREEZE in October 2025 while the parties were submitting post-hearing briefs in the arbitration proceeding underlying this action; (2) transferring ownership of one of Respondent's vessels to another entity; (3) moving a vessel to the Bahamas and redesignating the vessel as a yacht and (4) selling

or attempting to sell assets located at Respondent's leased terminal facility in Louisiana. Another court recently found the evidence described in (2) through (4) sufficient to warrant dissolution of the stay upon confirmation of a different arbitration award against Respondent. *See Fleetzero*, 2026 WL 1300544, at *2; Memorandum Regarding Motion for Immediate Enforcement of Judgment, *Fleetzero*, 2026 WL 1300544, Dkt. No. 66. Additionally, Respondent has not appeared in this action or opposed either the Petition or the Emergency Motion. On this record, Petitioner has demonstrated sufficient grounds for dissolution of the Rule 62(a) stay. *See, e.g.*, *Peck*, 2024 WL 4839177, at *1-2 (dissolving Rule 62(a) stay upon confirmation of arbitration award where record reflected "well-founded risk that [petitioner] is concealing or will conceal assets," including real property); *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 Civ. 9221, 2022 WL 16908278, at *1 (S.D.N.Y. Oct. 28, 2022) (same where petitioners alleged that respondent had transferred valuable assets, noting "[r]espondent's history of questionable asset transfers and his failure to participate in the litigation").

### D.    Attorneys' Fees and Costs

The Petition requests the attorneys' fees and costs incurred in connection with this action. This request is granted. In a proceeding to confirm an arbitration award, attorneys' fees and costs may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." *Commodities & Mins. Enter. Ltd. v. CVF Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20 (2d Cir. 2022). Here, Respondent has failed to comply with the Awards and has failed to justify its refusal to abide by the arbitration panel's decision. Petitioner is thus entitled to reasonable attorneys' fees and costs incurred in attempting to collect from Respondent. *See, e.g.*, *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Allac LLC*, No. 25 Civ. 10777, 2026 WL 1298411, at *4 (S.D.N.Y. May 12, 2026) (granting reasonable attorneys' fees and costs

7

where respondent failed to comply with arbitration award and did not appear before court despite being properly served).

Petitioner has not provided documents that allow for an assessment of whether the requested fees and costs are reasonable.  Petitioner shall submit an application for fees and costs by **July 6, 2026**, including timesheets showing time worked, tasks performed, hourly billing rates and background information about the attorneys who worked on the case.  *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done."); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2026 WL 850548, at *3 (S.D.N.Y. Mar. 27, 2026) (same).

### E.    Post-Award (Pre-Judgment) Interest

Post-award, pre-judgment interest is awarded to Petitioner.  The Awards state that if they are not paid within thirty days, interest accrues on any unpaid balance at a rate of 3.53% per annum from the date of the award until payment is received by Petitioner.  For the reasons stated above, the Awards are confirmed in their entirety, including the award of post-award, pre-judgment interest.  Accordingly, Petitioner is entitled to interest at a rate of 3.53% per annum from January 27, 2026, through the date judgment is entered.

### F.    Post-Judgment Interest

Post-judgment interest is also awarded to Petitioner.  "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023).  Section 1961 applies to judgments confirming arbitration awards.  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d

96, 100 (2d Cir. 2004) (post-judgment interest awarded in order confirming arbitration award was "mandatory under § 1961"); *accord Allac*, 2026 WL 1298411, at \*5.

Although the Awards provide for post-award interest at a rate of 3.53% per annum on unpaid balances, they do not expressly state that this rate applies after entry of a judgment confirming the Awards.  Accordingly, the post-judgment interest shall accrue at the statutory rate prescribed by Section 1961, which is "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  28 U.S.C. § 1961(a); *see Westinghouse*, 371 F.3d at 102 (contractual provision providing for 15.5% interest on arbitration award "from the date payment was due to the date payment is made" did not displace Section 1961 because the parties "failed to state that [the 15.5%] rate would apply to judgments rendered on that award"); *Viatris Healthcare (Pty) Ltd. v. Sedia Biosciences Corp.*, No. 25 Civ. 8790, 2025 WL 3632879, at \*1 (S.D.N.Y. Dec. 15, 2025) (same where arbitration award required post-award interest "until payment is made in full," because "federal law controls post-judgment interest by statute, that being 28 U.S.C. § 1961 . . . even if the award itself sets a different rate").

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  The Awards are confirmed. Petitioner is awarded $3,221,764.80 pursuant to the BREEZE Award and $857,556.51 pursuant to the SPIRIT Award, together with post-award, pre-judgment interest at the rate of 3.53% per annum as specified in the Awards, accruing from January 27, 2026, through the date judgment is entered. Petitioner is also awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made.  By **July 6, 2026**,

Petitioner shall file any motion for attorneys' fees and costs, including timesheets and other documents supporting the motion.

The Emergency Motion is **GRANTED in part** and **DENIED in part**.  The request for entry of default judgment against Respondent is denied.  The automatic stay imposed by Rule 62(a) is dissolved, and Petitioner may immediately enforce the judgment.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 5 and 11 and to enter judgment in favor of Petitioner.

Dated:  June 22, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

10